UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARTRICE D.,                                    )
                                                )
        Plaintiff,                              )        No. 21-cv-3512
                                                )
                v.                              )        Magistrate Judge Susan E. Cox
                                                )
KILILO KIJAKAZI, Acting Commissioner            )
of the Social Security Administration,          )
                                                )
        Defendant.                              )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Martrice D.[1] appeals the decision of the Commissioner of the Social Security

Administration ("Commissioner") denying her application for disability benefits. The parties have

filed cross motions for summary judgment.[2] As detailed below, Plaintiff's motion for summary

judgment (Dkt. 16) is DENIED and the Commissioner's motion for summary judgment (Dkt. 20)

is GRANTED. The decision of the Commissioner is affirmed.

I.      **Background**

Plaintiff filed for disability insurance benefits and supplemental security income on

February 26, 2019, alleging a disability onset date of June 24, 2018. (Administrative Record

("R.") 127.) Plaintiff's application was denied initially and upon reconsideration. (*Id.*) Plaintiff

requested a hearing before an Administrative Law Judge ("ALJ"), which was held on July 23,

2020. (*Id.*) On December 14, 2020, ALJ Michael Hellman issued an unfavorable decision finding

that Plaintiff was not disabled as defined in the Social Security Act. (R. 127-142.) The Appeals

Council denied Plaintiff's request for review on May 3, 2021 (R. 1-3), leaving the ALJ's decision

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] Plaintiff filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security (Dkt. 16), which this Court construes as a motion for summary judgment.

as the final decision of the Commissioner, reviewable by the District Court under 42 U.S.C. § 405(g); *see Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

The ALJ's opinion followed the five-step analytical process required by 20 C.F.R. § 416.920. (R. 379-394.) At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 14, 2018. (R. 130.) At Step Two, the ALJ found Plaintiff had the severe impairments of degenerative disc disease of the lumbar and cervical spine with right sacral nerve impingement, and hypertension.[3] (*Id.*) At Step Three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, App'x 1. (R. 134.) Before Step Four, the ALJ found Plaintiff had the RFC to perform light work with the following limitations: occasional climbing ramps, stairs, ladders, ropes, or scaffolds; no more than frequent stooping, crouching, kneeling, or crawling. At Step Four, the ALJ determined Plaintiff was capable of performing her past relevant work. (R. 141.) Because of these determinations, the ALJ did not need to consider Step Five, and found Plaintiff was not disabled under the Social Security Act. (*Id.*)

## II.     Social Security Regulations and Standard of Review

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. 20 C.F.R. § 404.131; *Schloesser v. Berryhill*, 870 F.3d 712, 717 (7th Cir. 2017). A court's scope of review in these cases is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation

---

[3]    The ALJ also found that Plaintiff has several non-severe impairments, none of which are at issue here. (R. 130-133.)

and signals omitted). The Court reviews the ALJ's decision directly, but plays an "extremely limited" role in that the Court may not "reweigh evidence, resolve conflicts in the record, decide questions of credibility, or substitute (its) own judgment for that of the Commissioner." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008); *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and his conclusion. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (internal citation omitted).

## III.    Discussion

Plaintiff raises three issues she contends require remand: 1) the ALJ failed to properly evaluate medical opinion evidence; 2) the ALJ failed to adequately assess Plaintiff's RFC; and 3) the ALJ failed to properly assess Plaintiff's subjective symptoms.[4]  As discussed below, the Court rejects these arguments and finds the ALJ adequately supported his opinion.

### A.      The ALJ Properly Evaluated Medical Opinion Evidence

For claims filed after March 27, 2017, the old "treating physician rule"[5] has been replaced by 20 C.F.R. § 404.1520c. Treating physicians' opinions are no longer entitled to presumptive controlling weight; the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). Now, the Commissioner does not "articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your record;" instead, the ALJ "will articulate how [the ALJ] considered the medical opinions or prior administrative medical

---

[4]     The Plaintiff also made a separation of powers argument regarding the appointment of Andrew Saul as the prior Commissioner of the Social Security Agency, but withdrew that argument in her reply brief.  (Dkt. 16 at 20; dkt. 24 at 13.)

[5]     20 C.F.R. § 404.1527.

findings from that medical source together in a single analysis using the factors listed in" the regulation. 20 C.F.R. § 404.1520c(b)(1). Consistency and supportability "are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be," and, "[t]herefore we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." 20 C.F.R. § 404.1520c(b)(2). The ALJ may consider the other factors (*e.g.*, the treating relationship or the provider's specialty), but is not required to do so. *Id.*

Plaintiff argues the ALJ failed to properly analyze the opinions of Plaintiff's treating spinal surgeon, Dr. Pelinkovic, and Plaintiff's pain management doctor, Dr. Rabi. Plaintiff does not argue that the ALJ failed to consider the requisite factors of consistency and supportability; rightfully so, as the ALJ's opinion very clearly covers both factors. (R. 140.) Nor can Plaintiff contend that the ALJ failed to cite sufficient evidence to back up his conclusion that the relevant medical opinions were unsupported and inconsistent with the administrative record. (Dkt. 16 at 5.) For example, the ALJ bolstered his rejection of Dr. Pelinkovic's opinion that Plaintiff could not stand for more than 5-10 minutes at a time or sit/stand/walk for two hours per workday by noting the many times doctors noted that Plaintiff could walk with no restrictions as well as Plaintiff's self-reported ability to perform many daily tasks that were incompatible with the limitations Dr. Pelinkovic found. (R. 140.) Similarly, the ALJ cited the "many physical exams without any acute distress" and Plaintiff's reports of "being able to generally manage her activities of daily living" to explain why he did not find persuasive Dr. Rabi's opinion that Plaintiff be limited to lifting no more than five pounds with no repetitive bending, twisting, or lifting. *Id*.

Instead, Plaintiff posits that the ALJ committed reversible error by "fail[ing] to cite any of the evidence that did support the opinions." (Dkt. 16 at 5.) Plaintiff then spends approximately

4

eight pages explaining all of the evidence that supports the opinions of Drs. Pelinkovic and Rabi. (Dkt. 16 at 5-12.) Plaintiff is correct; there is evidence that supports the treating physicians' opinions that Plaintiff's impairments are more disabling than the ALJ's RFC finding. However, it is not the Court's role to re-weigh evidence or substitute its judgment for that of the ALJ. *Elder*, 529 F.3d at 413. The question before the Court is whether the ALJ's findings are consistent with the law and supported by substantial evidence. As noted above, even Plaintiff concedes the ALJ discussed the mandatory factors and cited evidence to support his findings. Therefore, the ALJ followed the steps required by the regulations and supported his findings by pointing to substantial evidence in the record. As such, the ALJ performed his duty and the Court will not overturn the ALJ's decision on this basis.

**B.      The ALJ's RFC Finding is Supported by Substantial Evidence**

Plaintiff raises several issues with the ALJ's RFC finding, none of which are availing. First, Plaintiff argues the ALJ erred by citing 20 C.F.R. § 404.1567(b) because there "is no definition of light work" in that regulation. This is incorrect, as the regulations clearly outlines the limitations and parameters of light work.[6]

Next, Plaintiff asserts that the ALJ erred by failing to include a limitation that Plaintiff lie down during the workday. Plaintiff points to her testimony that she spends her days lying down, but the ALJ need not accept Plaintiff's testimony as an accurate description of her limitations when crafting an RFC finding. Again, the question before the Court is whether the ALJ's findings are adequately supported by substantial evidence in the administrative record, not whether the record could also support different conclusions or additional limitations. In this case, the ALJ thoroughly discussed the medical record and then explained the portions of the medical record that supported

---

[6]   To the extent Plaintiff is arguing that the regulation must specify which jobs in the national economy qualify as light work, she cites no case law for this proposition, and the Court is not aware of any such requirement.

his finding that Plaintiff could perform work within her RFC. In summing up the medical evidence and explaining why it did not support the extent of Plaintiff's subjective reports, the ALJ noted:

> [Plaintiff] had many exams without acute distress, 5/5 strength in her extremities, normal sensation, and a normal gait. She also reported having no problems walking and caring for herself. During several exams she had negative SLR testing and no noted range of motion deficits.[7] . . . Additionally, an orthopedic surgeon noted the claimant had some "exaggerated" pain complaints. She was not recommended for surgery.

(R. 139.) The ALJ found that that this evidence supported the limitations included in the RFC but "the record does not support further limitations." *Id.* The Court finds that the ALJ's decision not to include a limitation of lying down during the workday is supported by the evidence cited above and will not overturn the ALJ's opinion on this basis.

Last, Plaintiff argues that the ALJ erred by not including an off-task limitation in the RFC. Plaintiff bases her argument on the fact that the ALJ included an off-task limitation in one of the many hypothetical questions the ALJ posed to the VE during the administrative hearing. However, under Seventh Circuit case law there is no requirement that an ALJ explain every limitation that he includes and ultimately rejects in the hypotheticals to the VE. *See Boynton v. Apfel*, 172 F.3d 53, 1999 WL 38091, at *4 (7th Cir. 1999) ("In the Court's view, however, the ALJ did not need to explicitly address the second hypothetical since his findings implicitly reject the basis for that question.")

In *Boynton*, the ALJ posed two hypothetical questions to the VE; the VE testified that the first hypothetical individual would be able to perform the claimant's past relevant work and other jobs that exist in significant numbers in the national economy, but when the ALJ posed a second

---

[7]   "The straight leg raise test, also called the Lasegue test, is a fundamental neurological maneuver during the physical examination of a patient with lower back pain that seeks to assess the sciatic compromise due to lumbosacral nerve root irritation." National Institutes of Health, National Center for Biotechnology Information, https://www.ncbi.nlm.nih.gov/books/NBK539717/#:~:text=The%20straight%20leg%20raise%20test,herniation%20is%20the%20most%20common (last visited September 12, 2022).

hypothetical with the additional limitation of "an inability to complete a normal eight-hour workday, or 40-hour work week," the VE responded that the aforementioned jobs would not be available to such an individual. *Id.* at *2. The *Boyton* ALJ did not address the second hypothetical question in his subsequent opinion, and the Magistrate Judge issued a report and recommendation finding "the ALJ 'erred in ignoring the second answer to his hypothetical question to the vocational expert and in making no finding on the answer of the second hypothetical.'" *Id.* at *1. The District Judge sustained the objections to the Magistrate Judge's Report and Recommendation, reasoning "[t]he fact that the second hypothetical was posed at the hearing does not mean that the ALJ was required to explain why he rejected the answer." *Id.* at *2. The Seventh Circuit affirmed the District Judge's opinion, rejecting the Magistrate Judge's report "to the extent that he recommended that the case be remanded on the basis that the ALJ failed to address the VE's answer to the second hypothetical." *Id.* at *4.

In this case, the ALJ did not err by failing to discuss why he chose not to include an off-task limitation in his RFC, despite including that limitation in one of his hypothetical questions to the VE. As in *Boynton*, the ALJ implicitly rejected the idea that Plaintiff's pain was so severe that it would require an off-task limitation, judging by his reasoning related to the extent of Plaintiff's physical impairments cited above. (R. 139.) As such, the Court rejects this line of argument; the ALJ had no obligation to explain his decision to include and implicitly reject an off-task limitation in his hypothetical to the VE. The Court finds the RFC finding is supported by substantial evidence and will not reverse on this basis.

### C.    The ALJ Adequately Assessed Plaintiff's Subjective Symptoms

Finally, Plaintiff asserts the ALJ's assessment of Plaintiff's subjective symptoms requires remand; the Court disagrees. If "an ALJ gives specific reasons supported by the record, we will not overturn his credibility determination unless it is patently wrong." *Curvin v. Colvin*, 778 F.3d

645, 651 (7th Cir. 2015). In her brief, Plaintiff lists several areas where she believes the ALJ erred in considering her subjective symptoms – improperly considering her daily activities, discounting her subjective reports of pain, failing to consider the nature of her treatment, unfairly and overweighting sporadic reports of noncompliance. While Plaintiff ably points out several instances where there was evidence that could have supported an alternative finding, none of it rises to the level of a patently wrong determination by the ALJ. As discussed in the prior sections of this opinions, the ALJ had substantial evidence in the record to support his finding that Plaintiff's impairments were less severe than her subjective symptoms indicated. In short, the Court cannot say the ALJ's finding on this issue was patently wrong and will not remand on this issue.

## IV.   Conclusion

As detailed above, Plaintiff's motion for summary judgment (Dkt. 16) is DENIED and Defendant's motion for summary judgment (Dkt. 20) is GRANTED.

**ENTERED:   September 14, 2022**

Susan E. Cox,
United States Magistrate Judge